UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ZACHARY HARDOUIN                                        CIVIL ACTION

VERSUS                                                  NO. 19-12147

DONNIE HANSON, WARDEN                                   SECTION: "T"(1)

## REPORT AND RECOMMENDATION

Petitioner, Zachary Hardouin, a Louisiana state prisoner, filed the instant federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On May 28, 2015, petitioner pleaded guilty to two counts of possessing child pornography involving juveniles under the age of thirteen and was sentenced on each count to a concurrent term of ten years imprisonment without benefit of parole, probation, or suspension of sentence.[1] After he was granted an out-of-time appeal,[2] the Louisiana Fifth Circuit Court of Appeal affirmed his convictions and sentences on March 14, 2018.[3] He did not seek further direct review by the Louisiana Supreme Court.[4]

---

[1] State Rec., Vol. 2 of 2, transcript of May 28, 2015; State Rec., Vol. 1 of 2, minute entry dated May 28, 2015; State Rec., Vol. 1 of 2, guilty plea form.
[2] State Rec., Vol. 1 of 2, Order dated June 14, 2017.
[3] State v. Hardouin, 242 So. 3d 795 (La. App. 5th Cir. 2018); State Rec., Vol. 1 of 2.
[4] See Rec. Doc. 3, p. 2, Answer to Question No. 9(g).

Petitioner thereafter sought post-conviction relief in the state district court.[5] That court denied relief of August 14, 2018,[6] and he did not seek further review of that decision by the Louisiana Fifth Circuit Court of Appeal or the Louisiana Supreme Court.[7]

On August 9, 2019, petitioner then filed the instant federal application seeking habeas corpus relief.[8] In his application, he claimed:

1. The interrogation at the time of his arrest was "unduly oppressive"; and

2. He received ineffective assistance of counsel at trial.

The state filed a response arguing that the federal application should be denied because petitioner's claims were unexhausted and procedurally barred.[9] The state is correct.

Federal law generally requires that a petitioner exhaust his remedies in the state courts before seeking federal habeas corpus relief. 28 U.S.C. § 2254(b)(1). Regarding that requirement, the United States Supreme Court has explained:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state courts are equally bound to guard and protect rights secured by the Constitution. Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

Rose v. Lundy, 455 U.S. 509, 518 (1982) (footnote, citations, quotation marks, and brackets omitted). The exhaustion requirement is normally satisfied only if the petitioner previously

---

[5] State Rec., Vol. 1 of 2.
[6] State Rec., Vol. 1 of 2, Order dated August 14, 2018.
[7] See Rec. Doc. 3, p. 5, Answer to Question No. 11(d)(1).
[8] Rec. Doc. 3.
[9] Rec. Doc. 8.

presented his claims for relief to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988).

In Louisiana, the highest state court is the Louisiana Supreme Court. See La. Const. art. V, § 5(A). Here, the state argued[10] and petitioner conceded[11] that he did not present his instant claims to the Louisiana Supreme Court. Because petitioner did not provide the Louisiana Supreme Court with a fair opportunity to consider the claims included in his federal application, he clearly has not complied with the federal exhaustion requirement.

That failure also poses another obstacle to federal review. As the United States Fifth Circuit Court of Appeals has explained: "[W]hen a prisoner fails to exhaust available state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," then the claims are also considered defaulted in federal court. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (internal quotation marks omitted). Here, petitioner has already sought and been denied post-conviction relief in state court; therefore, there is little doubt that the state courts would now reject any new post-conviction application filed by him as successive.[12]

---

[10] Rec. Doc. 8, pp. 9-10.
[11] Rec. Doc. 3, p. 12, Answer to Question No. 13(a).
[12] Louisiana law provides:

> D. A successive application shall be dismissed if it fails to raise a new or different claim.
>
> E. A successive application shall be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application.

La. Code Crim. P. art. 930.4 (D)-(E). It appears that any new state application would also be untimely. See La. Code Crim. P. art. 930.8 (subject to certain to exceptions which do not appear to be applicable in this case, Louisiana law requires that a post-conviction application be filed no more than two years after a petitioner's judgment of conviction and sentence became final under state law).

As a result, petitioner's claims are procedurally barred from federal relief unless he demonstrates either that (1) both "cause" exists for his default and "prejudice" would result from the application of the procedural bar or (2) the Court's failure to address his claims would result in a "fundamental miscarriage of justice." See, e.g., Bagwell v. Dretke, 372 F.3d 748, 756-57 (5th Cir. 2004).

"To establish cause for a procedural default, there must be something *external* to the petitioner, something that cannot fairly be attributed to him." Johnson v. Puckett, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted). As noted, petitioner's claims were defaulted because he did not present them to the Louisiana Supreme Court. He argued that his failure to seek such review was caused by the fact that he "ran out of time and resources to continue."[13] That argument is unpersuasive. As for his purported lack of "time," he has not explained how his inability to comply with the state's filing deadlines resulted from something *external* to him. As for his purported lack of "resources," it must be noted that resources were not required because a prisoner is not charged filing fees for Louisiana post-conviction writ applications.[14]

---

[13] Rec. Doc. 3, p. 12, Answer to Question No. 13(a).

[14] See La. Rev. Stat. Ann. §§ 13:126(A)(5) ("In all criminal cases and in all proceedings connected with criminal cases, and in all cases involving sentences imposed for the violation of municipal or parochial ordinances, the entire costs of the clerk of the supreme court shall be twenty-five dollars per case which shall be paid by the parish in which the cases or proceedings shall have originated, and in cases involving sentences imposed for the violation of ordinances, shall be paid by the parish or municipality, as the case may be, which shall have adopted the ordinance in contestation.") and 13:352(A)(5) ("In all criminal cases, in all proceedings connected with criminal cases relating to a violation of state law except for bond forfeiture proceedings, and in all appeals taken from sentences imposed for the violation of municipal or parochial ordinances, the entire costs of the clerks of the courts of appeal shall be twenty-five dollars which shall be paid by the parish in which the cases or proceedings shall have originated, and in appeals from sentences imposed for the violation of ordinances, shall be paid by the parish or municipality, as the case may be, which shall have adopted the ordinance.").

For these reasons, the Court finds that petitioner has not shown cause for his default. Moreover, "[a]bsent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." Martin v. Maxey, 98 F.3d 844, 849 (5th Cir. 1996).

Because petitioner has not met the "cause and prejudice" test, his claims are barred from federal review unless the application of the procedural bar would result in a "fundamental miscarriage of justice." In order to establish that there would be a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." Finley v. Johnson, 243 F.3d 215, 220 (5th Cir. 2001) (citations omitted).

By entering his unconditional guilty pleas, petitioner has already conceded under oath that he in fact committed and was guilty of the crimes of which he stands convicted. Therefore, he would face a daunting burden to present a credible "actual innocence" claim. Specifically, the United States Supreme Court has explained: "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – *whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence* – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). Here, petitioner presented no new evidence whatsoever to show that he did not in fact possess child pornography involving juveniles under the age of thirteen. As a result, he has not met the "actual innocence" prong of the procedural bar analysis.

Accordingly, the undersigned finds that petitioner's claims are procedurally barred.

## RECOMMENDATION

It is therefore **RECOMMENDED** the federal application for habeas corpus relief filed by Zachary Hardouin be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this __29th__ day of June, 2020.

                                                   **JANIS VAN MEERVELD**
                                                   **UNITED STATES MAGISTRATE JUDGE**